UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| LAURA LEANNE TODARO, ET AL. | * | CIVIL ACTION NO.  12-2027 |
| VERSUS | * | JUDGE S. MAURICE HICKS |
| TUTLE & TUTLE TRUCKING, INC. | * | MAG. JUDGE KAREN L. HAYES |

## ORDER

On September 11, 2012, this court observed that the notice of removal filed by defendant, National Specialty Insurance Company ("NSIC"), failed to allege not only the citizenship of the parties, but also that the amount in controversy exceeded the jurisdictional minimum.  (Sept. 11, 2012, Order [doc. # 5]).  Accordingly, the court granted NSIC leave of court to amend the notice of removal to remedy these deficient jurisdictional allegations.  *Id*.

On September 13, 2012, NSIC filed an Amended Notice of Removal that set forth the citizenship of plaintiffs and that of the individual defendant.  (Amend. Notice of Removal).[1]  Although the amended notice stated that defendant Tutle & Tutle Trucking Inc. was a Texas corporation, it conspicuously omitted Tutle & Tutle Trucking, Inc.'s principal place of business.  *Id*.  Instead, NSIC alleged only that Tutle & Tutle Trucking, Inc. was "doing business in the State of Texas."  *Id*.

In diversity cases involving corporations, however, "allegations of citizenship must set forth the **state of incorporation as well as the principal place of business of each**

---

[1]  The amended notice also alleged that the amount in controversy exceeded the jurisdictional minimum.  *Id*.

**corporation**." *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254 (5th Cir. 1988). Moreover, "principal place of business," is a term of art. Thus, allegations regarding a corporation's "place of business," "principal office," or where it does business are not necessarily equivalent, and do not suffice. *See e.g., Neat-N-Tidy Co., Inc. v. Tradepower (Holdings) Ltd.*, 777 F.Supp. 1153, 1156-1157 (S.D. N.Y. 1991) ("an allegation of the situs of a corporation's principal offices, without more, is insufficient to establish that corporation's principal place of business.").

Accordingly, within the next seven days from the date of this order, removing defendant is granted leave of court to file an amended notice of removal which establishes diversity jurisdiction. *See* 28 U.S.C. §1653. If defendant fails to so comply, or if subject matter jurisdiction is found to be lacking, then the matter will be remanded to state court.

IT IS SO ORDERED.

THUS DONE AND SIGNED, in chambers, at Monroe, Louisiana, this 27th day of September 2012.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE