UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| LAURA LEANNE TODARO, ET AL. | * | CIVIL ACTION NO. 12-2027 |
| VERSUS | * | JUDGE S. MAURICE HICKS |
| TUTLE & TUTLE TRUCKING, INC. | * | MAG. JUDGE KAREN L. HAYES |

**ORDER**

    The court is in receipt of removing defendant, National Specialty Insurance Company's ("NSIC") latest attempt to allege the citizenship of the parties for purposes of diversity. *See* 2nd Amend. Notice of Removal [doc. # 11]. NSIC's most recent effort, however, again falls short. This time, NSIC has regressed to alleging that co-defendant, Tutle and Tutle Trucking, Inc. (mistakenly referred to as "Tuttle and Tuttle Trucking, Inc.") "is a foreign business corporation *in the State of Texas* and whose principal place of business *in the State of Texas* is located at 3672 West Highway 67, Cleburne Texas, 76033 . . ." (2nd Amend. Notice of Removal, ¶ 11) (emphasis added). The foregoing allegation reveals no more than Tutle and Tutle Trucking, Inc. is a corporation with a presence in Texas, and that its principal business location *in Texas* is situated in Cleburne.

    However, principal place of business for purposes of diversity is concerned with the *State* where the corporation's principal place of business is situated, not the city or county in any given state where the corporation has operations. By way of further explication, Tutle and Tutle Trucking, Inc. may be doing business in multiple states, with its operations in each state concentrated in a particular city or county. Thus, NSIC's allegation as to Tutle and Tutle

Trucking Inc.'s principal place of business *in* the State of Texas is ineffective to establish the *State* where Tutle and Tutle Trucking, Inc.'s **principal** place of business is located.[1]

Accordingly, within the next seven days from the date of this order, removing defendant is granted leave of court to file a third amended notice of removal which establishes diversity jurisdiction. *See* 28 U.S.C. §1653. If defendant again fails to so comply, or if subject matter jurisdiction is found to be lacking, then the matter will be remanded to state court.

IT IS SO ORDERED.

THUS DONE AND SIGNED, in chambers, at Monroe, Louisiana, this 1st day of October 2012.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

[1] For a primer on "principal place of business," the court directs counsel to *Hertz Corp. v. Friend*, ___ U.S. ___, 130 S. Ct. 1181, 1188 (2010); *see also* 28 U.S.C. § 1332(c)(1). Counsel also may wish to review ¶ 5 of the original Notice of Removal herein where he successfully alleged the citizenship of removing defendant NSIC.